107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon DEL RIO, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF CALIFORNIA; Ana Marie
Olivarez, Respondents-Appellees.
 No. 95-55764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Del Rio, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Del Rio was convicted in San Diego Superior Court of two counts of first degree murder. Rio contends that: (1) his first degree murder convictions were not supported by sufficient evidence; (2) the trial court committed judicial misconduct by failing to read back to the jury the testimony of one witness; (3) trial counsel was ineffective for failing to subpoena certain witnesses and to adequately cros-examine William Kemery; (4) the trial court committed prejudicial error by excluding the results of Del Rio's polygraph test; and (5) trial counsel was ineffective for not moving for an acquittal based upon the prosecution's failure to submit police reports within two days of trial counsel's first appearance. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm for the reasons stated in the Magistrate Judge's report and recommendation filed November 29, 1994, and adopted by the district judge in the order filed March 29, 1995.[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We additionally reject the claims raised in Del Rio's traverse that trial counsel was ineffective for failing to call as a witness Benjamin Mejia and for failing to adequately cross-examine William Kemery. See James v. Borg, 24 F.3d 20, 26 (9th Cir.1994) (counsel not ineffective where petitioner states conclusory allegations unsupported by specific facts)